WOOD MOTOR CAR COMPANY, A NEW JERSEY CORPORA-
TION, PLAINTIFF-RESPONDENT, v. WILLIAM TOBIN
AND ALFRED DUDLEY RINN, TRADING AS "RIVER-
SIDE OIL COMPANY," DEFENDANTS-APPELLANTS.

Argued May 4, 1938—Decided August 23, 1938.

Before Justices Trenchard, Parker and Perskie.

For the defendants-appellants, *Milton T. Lasher.*

For the plaintiff-respondent, *Albert S. Gross.*

The opinion of the court was delivered by

Trenchard, J. This is the appeal of the defendants below from a judgment for the plaintiff in the District Court in a suit founded upon the alleged breach of an alleged warranty made by the defendants in connection with the sale of a quantity of anti-freeze liquid known as "Super Thermo" to the plaintiff by the defendants who were distributors of the liquid (not the manufacturers).

The state of demand alleged that the defendants warranted that the liquid "would protect the water in automobile radiators from freezing at certain specified temperatures and solutions when used in said radiators in certain specified quantities and solutions, when so used in accordance with the directions," and that such liquid "failed to protect the water contained in said radiators from freezing contrary to the covenant and warranty," and as a result thereof the plaintiff sustained damages to three motor vehicles wherein the liquid was used.

The sale of the liquid by the defendants to the plaintiff was not disputed, and the issue narrowed to the question of whether the warranty existed, and if it did, whether there was a breach for which the defendants should respond in damages.

The trial judge found for the plaintiff and the defendants specify that the court below erred in refusing to grant defendants' motion for a nonsuit, and erred in entering judgment for the plaintiff in that the evidence presented did not support a finding in law that the alleged warranty had been breached.

Now we think the defendants' position was well taken. It may well be that the evidence established a warranty, but that question is not now necessary for decision. Assuming that

there was a warranty, the state of the case fails to establish that there was any breach thereof for which the defendants were liable.

The general rule applicable here is that the breach of a warranty must be proved as laid; and the universal rule is that the burden of proof is on the party relying on the alleged breach of a warranty to show the breach thereof. 55 *C. J.* 837, and cases there cited.

Here the proof was uncontradicted that each can in which the liquid was supplied had printed thereon instructions and directions for the proper use of the liquid, and saying that such directions must be "carefully" followed. Among other such instructions were to first drain the radiator and block; to flush with water until the water runs out clear; to permit all the water to run out after flushing; to fill the cooling system one-third full; to pour in anti-freeze and water to complete the filling; to operate the motor again for several minutes to be sure there are no air pockets and the like, and to test solution with clean alcohol tester to decided whether a correction is needed.

Now the undisputed evidence, as disclosed by the case as settled by the parties, is that none of these instructions or directions were followed or attempted to be followed; that in December, 1936, a mechanic employed by the plaintiff had put the liquid in the radiators of the three cars of the plaintiff without reading at all the directions upon the cans, and had then taken the cars to an open or used-car lot of the plaintiff where they remained for the remainder of the winter, and in February following they became frozen; that he had put two gallons in each car, because he thought that was the proper amount, and that the solution was not tested at any time prior to the freezing of the cars. It is also to be noted in passing that the case is barren of any proof concerning the temperature on the day of the freezing which was discovered almost two months after the liquid was installed.

In such circumstances we think that the motion to nonsuit should have been granted and that there was error in the finding for the plaintiff at the completion of the case.

The judgment below will be reversed, with costs.